IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO ESTERAS-ROSADO,<br><br>Defendant. | CRIMINAL NO. 11-258 (PAD) |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Eduardo Esteras-Rosado was charged with four counts of money laundering (Docket No. 7). Before the court is Esteras' "Motion to Dismiss Pursuant to FRCP 12(b)(6) re: Six Amendment Speedy Trial Violation and Dogget v. United States" (Docket No. 42), which the government opposed (Docket No. 47). For the reasons explained below, the motion is DENIED.

**I.   BACKGROUND**

On May 16, 2008, a Grand Jury indicted Esteras with four counts of money laundering in violation of Title 18 U.S.C. § 1956(a)(1)(B)(i) and 2. See, Criminal No. 08-193 (ADC), Docket No. 3. The same date, a warrant of arrest was issued. On June 2, 2010, the government was ordered "to report whether the case may be closed for statistical purposes or what efforts are being carried out to execute arrest." Id. at Docket No. 9. In response, it informed that Esteras remained a fugitive and had not been located. Id. at Docket No. 11. So it moved to dismiss the indictment without prejudice under Fed.R.Crim.P. 48(a). Id. A Judgment of Discharge without prejudice was entered, closing the case for statistical purposes. Id.

On July 6, 2011, the United States filed a new request for indictment before the Grand Jury, which was issued as Criminal No. 11-258 (JAF).[1] On December 18, 2015, Esteras was arrested in Humacao, Puerto Rico.[2] On April 22, 2016, he moved to dismiss the indictment on grounds that the government violated his Sixth Amendment right to a speedy trial. The government opposed, claiming that the time between the filing of charges and defendant's arrest was justified for reasons attributable to the defendant himself, for he was a fugitive and, while in fugitive status, engaged in criminal activities (Docket No. 47).

## II.     DISCUSSION

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. In Barker v. Wingo, 407 U.S. 514 (1972), the Supreme Court formulated a four-part inquiry to determine whether a particular delay violates a defendant's constitutional right to a speedy trial. Id. at 530-532. These factors are: (1) the length of the delay; (2) the reason for the delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. Id.

### a.  Length of Delay

To trigger a speedy trial analysis, the defendant must show that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. Doggett v. United States, 505 U.S. 647, 652 (1992). If he makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the minimum needed to trigger judicial examination of the claim. Id. If the delay is not

---

[1] In view of the retirement of Judge Fuste, the case was reassigned to the undersigned on May 4, 2016. The parties agree the indictment in this case is identical to the one originally filed in Criminal No. 08-193(ADC).

[2] On December 4, 2014, the Grand Jury returned another indictment against Esteras and other individuals for drug trafficking and money laundering in Criminal Case 14-726(ADC). Trial in that case is scheduled for October 3, 2016.

uncommonly long, judicial examination ends. United States v. Carpenter, 781 F.3d 599, 609 (1st Cir. 2015). The length of the delay is measured from the date of the arrest or indictment, whichever is earlier, until the start of the trial. "Delay of around one year is considered presumptively prejudicial." Id. at 610. Delays that exceed this floor generally require additional investigation. Id.

Where an indictment is dismissed on motion of a defendant, and the defendant is subsequently reindicted for the same offense, only the delay in prosecution of the second indictment is relevant for Sixth Amendment speedy trial purposes. United States v. Colombo, 852 F.2d 19, 23-25 (1st Cir. 1988). Should the government voluntarily dismiss the charges, the pendency of the first indictment -but not the time between the indictments- and the period of the second indictment is relevant. Id. at 23-24.

As previously indicated, Esteras' first indictment was dismissed on the government's motion, approximately two (2) years after being filed. The second indictment was filed a little over a year after the Judgment of Discharge was entered. In consequence, the pendency of the first indictment is counted. The length of the challenged delay (of almost 6 years and 5 months), is sufficient to trigger the rest of the analysis.

   b. **Reason for Delay**

Delay to gain advantage weighs heavily against the government, while a more neutral reason such as negligence is weighed less heavily. Barker, 407 U.S. at 531. Taking as true Esteras' assertions regarding what the government knew of his whereabouts before the first indictment (Docket No. 42 at pp. 5-7), they do not seriously contradict what the government has proffered in connection with unsuccessful attempts to locate him (Docket No. 47 at pp. 3-8). In the end, the competing versions show that from Esteras' view, the government was negligent in not having

x

United States v. Eduardo Esteras-Rosado
Criminal No. 11-258 (PAD)
Opinion and Order
Page 4

been more assertive or efficient in its investigative activities. But they are not sufficient to support a finding of bad faith. In that regard, see United States v. Margheim, 770 F.3d 1312, 1327 (10th Cir. 2014) (rejecting constitutional speedy trial claim, in part, because delay could not be attributed to prosecutorial bad faith).

### c. Assertion of Right

"A defendant should give some indication, prior to his assertion of a speedy trial violation, that he wishes to proceed to trial." United States v. Muñoz-Amato, 182 F.3d 57, 62 (1st Cir. 1999). The courts assumes he has done so here. Nevertheless, the government claims without contradiction that HSI agents were contacted by defendant's attorney during the pendency of Criminal No. 08-193 (ADC), and the attorney advised them that defendant was going to turn himself in (Docket No. 47 at p. 11). He never did. In those circumstances, see Doggett, 505 U.S. at 653 (noting that, if defendant had "[known] of his indictment years before he was arrested," then "Barker's third factor, concerning invocation of the right to a speedy trial, would be weighed heavily against him").

### d. Prejudice

Prejudice should be assessed in light of three interests: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. Barker, 407 U.S. at 532. The interest given the most weight is the third, which implicates the fairness of the entire system. Id.

Esteras alleges that his defense has been impaired because the government was not able to locate a PR traffic law violation notification ("traffic ticket") issued after a traffic stop where approximately $399,999.00 were seized from the vehicle Esteras was driving (Docket No. 42 at p. 11). He asserts that "he has no way of impeaching whether the actual stop and identification of

United States v. Eduardo Esteras-Rosado
Criminal No. 11-258 (PAD)
Opinion and Order
Page 5

Esteras Rosado indeed occurred." Id. He claims that, after the money was seized, he filed an administrative notice and successfully claimed the money from the Office of Fines and Penalties, but has been unable to obtain a copy of the administrative file. He points out that, without this file, it would be "impossible to require any official to remember what criteria was used to decide to return the money." Id. at 12.

Even though the time between Esteras' original indictment and arrest is substantial, he was not detained during this period. In this connection, see United States v. Vasquez-Uribe, 426 Fed.Appx. 131, 138, 2011 WL 1668976 (3d Cir. 2011)(recognizing that "the seriousness of a post-accusation delay varies depending on the circumstances, and a waiting period during which the defendant is not detained presents fewer concerns than a wait accompanied by pretrial incarceration.")(quoting, United States v. Sent, 149 F.3d 180, 184 (3d Cir. 1998)). In the same way, Esteras has a copy of the Reports of Investigation (Docket Nos. 30-1 and 42-1), and of a ticket on account of administrative breach ("Boleto por Falta Administrativa")(Docket No. 42-1). As he acknowledged that the $399,990.00 seized were returned to him, identity would no longer seem to be an issue in this case. And the information the government laid out at Docket No. 32 is not inconsequential, including the fact that the Office of Fines and Penalties had made no determination as to the source of the funds. Id. at p. 4. Taking into account the record as a whole, the court is persuaded that Esteras' defense has not been impaired.

### III. CONCLUSION

In Barker, the Supreme Court adopted the quadripartite test, rejecting a bright-line rule in favor of a functional analysis of the constitutional right to a speedy trial. See, 407 U.S. at 522. On such an analysis, dismissal of the indictment is not justified. For the same reason, Esteras' Motion

to Dismiss the Indictment (Docket No. 42) is DENIED.  A Status Conference is set for June 3, 2016, at 9:30 a.m. in Courtroom 3.

**SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of May, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE
